## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FRANK CAPOVILLA on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. DOYLE, DALLAS J. HOWE, CHRISTOPHER M. BURLEY, ELENA VIYELLA DE PALIZA, KEITH G. MARTELL, C. STEVEN HOFFMAN, ALICE D. LABERGE, JEFFREY J. MCCAIG, MARY MOGFORD, JOHN W. ESTEY, E. ROBERT STROMBERG, PAUL J. SCHOENHALS and POTASH CORPORATION OF SASKATCHEWAN INC., <br><br> Defendants. | Civil Action No. 10-CV-06559 <br><br> Hon. Marvin E. Aspen |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully submit this memorandum of law in support of their motion to dismiss the Complaint dated October 13, 2010, pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This shareholder action arises out a tender offer (the "Tender Offer") by the Australian conglomerate BHP Billiton ("BHP") for the shares of Defendant Potash Corporation of Saskatchewan ("PCS"), a Canadian corporation.[1] The Complaint alleges claims under (1) §§ 14(d)(4) and 14(e) of the Securities and Exchange Act of 1934 ("Exchange Act"), as amended by the Williams Act of 1968, 15 U.S.C. § 78n(e), and (2) § 241 of the Canada Business Corporations Act ("CBCA"), and it seeks declaratory and injunctive relief, as well as fees for attorneys and experts.

Both claims are meritless and should be swiftly dismissed. A Williams Act claim requires intent to defraud, yet Plaintiff alleges only negligence — that "in the exercise of reasonable care" the defendants "should have known" that their statements were (allegedly) misleading — and even that in wholly conclusory fashion. Moreover, the claim is based entirely on PCS's alleged failure to disclose types of information that courts have repeatedly held a company is not obligated to disclose. As to the CBCA, it makes claims under § 241 enforceable solely in specified Canadian courts, and the U.S. courts therefore have uniformly held that they have no subject matter jurisdiction to entertain them.

## STATEMENT OF FACTS

PCS is a Canadian corporation with its principal place of business in Saskatoon, Saskatchewan, Canada, with shares traded on the New York and Toronto Stock Exchanges. On

---

[1] That Tender Offer is the subject of litigation in this District under the caption *Potash Corp. of Sask. Inc.. v. BHP Billiton*, No. 1:10-CV-06024 (Complaint filed Sept. 22, 2010).

August 12, 2010, BHP presented PCS with a proposal to combine the two companies pursuant to an arrangement in which PCS shareholders would receive $130 per share (the "BHP Proposal"). (Compl. ¶¶ 41-44.) PCS's Board rejected BHP's offer and adopted a shareholder rights plan (the "Poison Pill") on August 16, 2010. (*Id.* ¶¶ 4, 45.)[2]

On August 20, 2010, BHP launched the hostile Tender Offer by communicating the $130 offer directly to PCS shareholders. (Compl. ¶¶ 53-54.) Under the Tender Offer, as amended, PCS shareholders have until November 18, 2010 to tender their shares. On Monday, August 23, 2010, PCS filed its response to the Tender Offer on Schedule 14D-9, discussing the unanimous recommendation of its board against the $130 per share Tender Offer based on the conclusion that it was inadequate and not in the best interests of PCS's shareholders. (Compl. ¶¶ 7, 55; *see also* PCS, Solicitation/Recommendation Statement under § 14(d)(4) of Exchange Act (Aug. 23, 2010).) Since news of the BHP offer went public, PCS shares have consistently traded well above $130, closing at $148.47—more than $18 above the Tender Offer price—on October 13, 2010, the date that the Plaintiff filed the Complaint in this putative shareholder class action.

The Complaint names PCS and the members of PCS's Board as defendants, alleging claims under the Williams Act and CBCA based on Defendants' Schedule 14D-9 and their response to the BHP offer. This is the second lawsuit that has been filed against the defendants in connection with the offer.

---

[2] On November 8, 2010, the Saskatchewan Financial Services Commission ("SFSC") will hold a hearing to consider BHP's challenges to the Poison Pill, including BHP's request that the Poison Pill be terminated at this time. PCS and BHP have made written submissions to the SFSC, which are publicly available. *See* http://www.sfsc.gov.sk.ca/ssc/Hearing%20information/Potash%20Take-over%20Bid/hearing-information-potash-corp.shtml.

**ARGUMENT**

I.      **THE SECURITIES CLAIM MUST BE DISMISSED**

Plaintiff alleges securities fraud claims against all defendants, under §§ 14(d)(4) and 14(e) of the Exchange Act, 15 U.S.C. §§ 78n(d)(4), (e), on the ground that the defendants assertedly "caused the 14D-9 to be issued" with materially misleading statements. (Compl. ¶¶ 7, 55.) In particular, the Complaint alleges that the defendants failed to disclose information regarding: (1) the basis for the Board's decision to implement the Poison Pill and the Board's analysis of strategic alternatives; (2) the details of a Goldman Sachs financial analysis of the Tender Offer; and (3) the Board's estimation of the relative costs of "greenfield" versus "brownfield" mining development. (*See id.* ¶¶ 56-61.)

These claims fail in multiple ways. Claims under § 14(e) of the Williams Act are *fraud* claims, yet Plaintiff (1) has alleged only negligence, not fraud, (2) has improperly made only "group" allegations that fail to specify the role (or state of mind) of any particular defendant, and (3) has alleged only purported omissions, without alleging any basis for claiming that the defendants had a duty to disclose the details—such as the specific terms of "white knight" transactions the PCS board was considering—that Plaintiff claims they should have disclosed.

A.      **The Complaint Alleges Only Negligence, Not Fraud**

The required state of mind for a claim under the Williams Act, as for a claim under § 10(b) of the Exchange Act, is intent to defraud. *See, e.g.*, *Schreiber v. Burlington Northern, Inc.*, 472 U.S. 1, 10 (1985); *Piper v. Chris-Craft Indus., Inc.*, 430 U. S. 1 (1977). The Complaint, however, does not contain even conclusory allegations of fraud. To the contrary, Count One of the Complaint expressly alleges ordinary negligence:

> *[I]n the exercise of reasonable care*, Potash and the Individual Defendants *should have known* that the 14D-9 is materially misleading and omits material facts that are necessary to render them non-misleading.

(Compl. ¶ 71 (emphasis added).)

Moreover, even if the Complaint had alleged that the defendants acted with fraudulent intent — which it failed to do — such conclusory assertions would not cure the deficiency. Where a cause of action requires a particular state of mind, the plaintiff must allege facts sufficient to make its allegation of intent "plausible"; conclusory allegations of intent, in the absence of supporting facts, cannot save a complaint from dismissal. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009). Here, Plaintiff has entirely failed to allege the requisite intent. The Complaint must therefore be dismissed.

### B. Plaintiff Alleges No Basis For A Duty To Disclose The Allegedly Omitted Information

Plaintiff's Williams Act allegations also fail because they are based entirely on the alleged failure to disclose information that the defendants had no duty to disclose. In a case under the Williams Act, as under § 10(b), there is no freestanding duty to disclose; rather, Plaintiff must "identify an affirmative duty to disclose" the allegedly omitted information. *In re Digital Island Sec. Litig.*, 357 F.3d 322, 329 n.10 (3d Cir. 2004). Moreover, because fraud allegations are governed by Federal Rule of Civil Procedure 9(b), Plaintiff must plead with particularity the basis for a claimed duty to disclose the allegedly omitted information. *Iles v. Swank*, No. 04 C 3757, 2005 WL 1300773, at *5 (N.D. Ill. Mar. 18, 2005) (Ex. 1); *see also Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 296 (S.D.N.Y. 2000). None of the omissions alleged by Plaintiff satisfies these standards.

Plaintiff alleges that PCS's Schedule 14D-9 failed to disclose:

- Details about the identities and viability of any "alternatives" or "competing transactions" that the Board is considering, and does not provide any analysis of how those potential alternatives compare financially to the Tender Offer (Compl. ¶ 58);

- The financial analysis that Goldman Sachs conducted in connection with its valuation of the price of the Tender Offer, and the criteria and the standards used to conclude that the Tender Offer was "inadequate (*id*. ¶ 60);

- Information about the methodology or data the Board used to arrive at estimates of the relative costs of greenfield versus brownfield projects (*id*. ¶ 62); and

- The basis for the Board's decision to implement the Poison Pill and the Board's analysis of strategic alternatives. (*Id*. ¶¶ 57, 59.)

None of this is information PCS was required to disclose, and Plaintiff has failed to plead (let alone plead with particularity) any basis for alleging a duty of disclosure. Indeed, some of the information — details concerning possible alternative transactions — is a matter that the Securities and Exchange Commission has chosen to expressly exempt from disclosure. 17 C.F.R. § 240.14d-101; 17 C.F.R. § 229.1006(d). And, more generally, the courts have consistently held that directors have no duty to supply the level of detail that Plaintiff seeks here. Thus, the law is settled that "stockholders are entitled to a *fair summary* of the substantive work performed by the investment bankers upon whose advice the recommendations of their board as to how to vote on a merger or tender rely." *In re Pure Res., Inc., S'holders Litig.*, 808 A.2d 421, 449 (Del. Ch. 2002) (emphasis added). "[A] disclosure that does not include all financial data needed to make an independent determination of fair value is not per se misleading or omitting a material fact. The fact that the financial advisors may have considered certain non-disclosed information does not alter this analysis." *In re CheckFree Corp. S'holders Litig.*, No. 3193-CC, 2007 WL 3262188, at *2 (Del. Ch. Nov. 1, 2007) (internal citation, quotation marks and ellipsis omitted) (Ex. 2).

In short, Plaintiff has failed to identify any basis on which the omissions he alleges are actionable under the Williams Act. This, too, requires dismissal.

### C. The Claims Against Individual Defendants Are Entirely Based On Impermissible Group Pleading

Plaintiff's Williams Act claims against the individual defendants also fail because the Complaint fails to differentiate among the individual defendants or put them on notice of their respective roles in the alleged violation. Such generalized group allegations are inadequate; a plaintiff must "include allegations in the complaint relating to an individual's duties or legal obligations that create a presumption that the company's statement was somehow caused by or attributable to an individual defendant. Simply alleging an individual defendant's title is not enough." *Johnson v Tellabs, Inc.*, 262 F. Supp. 2d 937, 946-47 (N.D. Ill. 2003). Plaintiff's failure to go beyond group allegations is fatal to their claims against the individual defendants.

### II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CANADIAN LAW CLAIM.

Plaintiffs' claim under § 241 of the CBCA, also known as the "oppression remedy," fails for lack of jurisdiction. CBCA, R.S.C. 1985, c. C-44, s. 241 (Ex. 3). The courts have uniformly recognized that such claims may only be brought in the particular Canadian courts identified in the statute.

Under the terms of § 241, relief may only be obtained by "apply[ing] to a *court* for an order under this section,"[3] and the term "court" is defined in the CBCA as limited to certain

---

[3] Section 241 of the CBCA provides:

(1) A complainant may apply to a court for an order under this section.
(2) If, on an application under subsection (1), the court is satisfied that in respect of a corporation or any of its affiliates
    (a) any act or omission of the corporation or any of its affiliates effects a result,
    (b) the business or affairs of the corporation or any of its affiliates are or have been carried on or conducted in a manner, or

- 7 -

specified Canadian courts.[4] The U.S. courts that have been faced with claims under this provision have therefore held that jurisdiction to adjudicate such claims is vested exclusively in these specified courts.

The leading case is *Taylor v. LSI Logic Corp.*, in which the Delaware Supreme Court held that it lacked jurisdiction over a claim under § 241, because "it was the intent of the [Canadian] Parliament that actions brought under Section 241 of the [CBCA] be brought only in the courts of Canada identified in Section 2 of the Canadian Act." 715 A.2d 837, 841 (Del. 1998); *see also Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 838 (Del. 1999) (observing that the "Canadian law at issue actually required *adjudication* in a Canadian Court leaving the Court of Chancery with no subject matter jurisdiction") (citing *Taylor*). Similarly, the Northern District of Illinois, in *Hollinger Intl., Inc. v. Hollinger Inc.*, denied leave to file a counterclaim under §§ 241 and 247 of the CBCA because defendant did not "adequately [explain] why this Court has jurisdiction to hear its rescission claims premised on the CBCA, when the

---

(continued…)

   (c) the powers of the directors of the corporation or any of its affiliates are or have been exercised in a manner that is oppressive or unfairly prejudicial to or that unfairly disregards the interests of any security holder, creditor, director or officer, the court may make an order to rectify the matters complained of.

*See* Ex. 3.

[4] Section 2 of the CBCA provides, in pertinent part:

(1) In this Act, . . . "court" means:
  (a) in the Province of Newfoundland, and Prince Edward Island, the trial division or branch of the Supreme Court of the Province,
  (a.1) in the Province of Ontario, the Ontario Court (General Division),
  (b) in the Provinces of Nova Scotia and British Columbia, the Supreme Court of the Province,
  (c) in the Province of Manitoba, Saskatchewan, Alberta, and New Brunswick, the Court of Queen's Bench for the Province,
  (d) in the Province of Quebec, the Superior Court of the Province, and
  (e) in the Yukon Territory and the Northwest Territories, the Supreme Court thereof.

*See* Ex. 4.

CBCA itself provides that those claims must be heard only in certain enumerated Canadian courts." No. 04 C 698, 2007 WL 1029089, at *9-10 (N.D. Ill. Mar. 29, 2007) (Ex. 5); *see also Locals 302 and 612 of the Int'l Union of Operating Engineers-Employers Const. Indus. Retirement Trust*, No. 04 Civ. 5954(LAP), 2005 WL 2063852, at * 4 (S.D.N.Y. Aug. 25, 2005) (applying *Taylor*'s reasoning to claim under § 239 of the CBCA) (Ex. 6).

Accordingly, Plaintiff's claim under § 241 of the CBCA must be dismissed.

## CONCLUSION

For all the foregoing reasons the Court should dismiss the Complaint in its entirety with prejudice.

Dated: November 2, 2010

/s/ Lee Ann Russo
Daniel E. Reidy (IL Bar No. 2306948)
Email: dereidy@jonesday.com
Lee Ann Russo (IL Bar No. 06181656)
Email: larusso@jonesday.com
Jason G. Winchester (IL Bar No. 6238377)
Email: jgwinchester@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

OF COUNSEL:
Patricia J. Villareal
Email: pjvillareal@jonesday.com
Thomas R. Jackson
Email: trjackson@jonesday.com
Michael L. Davitt
Email: mldavitt@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 969-3939
Facsimile: (214) 969-5100

Meir Feder
Email: mfeder@jonesday.com

JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-7870
Facsimile: (212) 755-7306

N. Scott Fletcher
Email: sfletcher@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3846
Facsimile: (832) 239-3600

ATTORNEYS FOR DEFENDANTS WILLIAM J. DOYLE, DALLAS J. HOWE, CHRISTOPHER M. BURLEY, ELENA VIYELLA DE PALIZA, KEITH G. MARTELL, C. STEVEN HOFFMAN, ALICE D. LABERGE, JEFFREY J. MCCAIG, MARY MOGFORD, JOHN W. ESTEY, E. ROBERT STROMBERG, PAUL J. SCHOENHALS and POTASH CORPORATION OF SASKATCHEWAN INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2010, I caused the attached pleadings to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following counsel of record, via email:

*Attorneys for Plaintiffs:*

Leigh R. Lasky
Norman Rifkind
Amelia S. Newton
LASKY & RIFKIND, LTD.
350 North LaSalle Street, Suite 1320
Chicago, IL 60654

Brian J. Robbins
Stephen J. Oddo
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, CA 92101


Dated: November 2, 2010     /s/ Lee Ann Russo_____
                            Lee Ann Russo